```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JEROME DAVIS,**

                        **Petitioner,**

           v.                                   CASE NO. 05-3458-SAC

**ENVIRONMENTAL PROTECTION AGENCY,**

                        **Respondent.**


### O R D E R

    This matter is before the court on a petition for writ of mandamus filed by a prisoner incarcerated in Nebraska.  Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Petitioner cites a 2003 declaration of a superfund site in Nebraska, for which he states only one company (ASARCO) has thus far been taken to federal court and found liable.  Petitioner complains of inaction by the Environmental Protections Agency (EPA) against specific companies (Union Pacific Railroad Company, Aaron Fere & Sons, and Gould Electronics) regarding this superfund site, and seeks a court order requiring EPA to take these companies to federal court to determine each company's financial liability for cleaning up the site.  Petitioner states "it is an injustice to allow these responsible parties to continue using their money and power to disrespect the law."  The court presumes petitioner filed this action in the District of Kansas because the regional EPA office responsible for execution

of EPA's programs in Nebraska (Region 7) is located in Kansas City, Kansas.

Under 28 U.S.C. § 1361, a United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). Although pleadings filed by pro se litigants are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), a court is not "bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained therein, Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). A court is not to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997). A court's liberal construction of a pro se pleading "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

In the present case, the court finds petitioner is not

entitled to the drastic and extraordinary relief being requested. Significantly, no such relief is warranted where the availability of a statutory mandamus remedy exists to require the EPA or other relevant agency to perform a mandatory duty under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) through a citizen suit as authorized by 42 U.S.C. § 9659(a)(2), filed in the United States District Court for District of Columbia, 42 U.S.C. § 9659(b)(2), after proper notice to the EPA Administrator as required under 42 U.S.C. § 9659(e). The court thus denies the application, and concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner's application for a writ of mandamus is denied, and that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 27th day of January 2006 at Topeka, Kansas.

        s/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge